RECEIVED
SEP 19 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| SAIDU SAM-KABBA,<br>    Petitioner | CIVIL ACTION<br>NO. 1:13-CV-00578 |
| VERSUS | |
| JANET NAPOLITANO, et al.,<br>    Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Saidu Sam-Kabba ("Sam-Kabba") on March 11, 2013. Sam-Kabba is contesting his continued detention by the Immigration and Customs Enforcement ("ICE"), Department of Homeland Security, while awaiting deportation. Sam-Kabba contends he has been detained by ICE since February 27, 2012, that he is a native and citizen of Sierra Leone, and that his order of removal became final on July 16, 2012. Sam-Kabba contends he has cooperated fully with ICE, but ICE has not been able to procure his travel documents from Sierra-Leone and there is no significant likelihood that he will be removed in the reasonably foreseeable future. For relief, Sam-Kabba asks to be released from detention[1] pending his removal from this country, pursuant to Zadvydas v.

---

[1] At the time of filing his petition, Sam-Kabba was detained in the LaSalle Detention Facility in Trout, Louisiana.

Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).[2]

The Respondents oppose releasing Sam-Kabba (Doc. 12) and show, through an affidavit by Lori Wilson, the Acting Assistant Field Office Director of the ICE facility at Oakdale, Louisiana, that a travel document was issued for Sam-Kabba to return to Sierra Leone on March 26, 2013, but that on May 21, 2013, he refused to board the aircraft and forcibly resisted the ICE officers escorting him, resulting in the aircraft personnel refusing to transport him (Doc. 12, Ex.). Respondents further show, in Wilson's affidavit, that the second attempt to remove Sam-Kabba, on June 25, 2013, was likewise unsuccessful due to Sam-Kabba again refusing to board and

---

[2] Although the INS has 90 days to remove an alien after he is ordered removed, 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that Section 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant Zadvydas, detention for up to six months after the removal order becomes final is "presumptively reasonable." Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").
After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 121 S.Ct. at 2505. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 121 S.Ct. at 2505.

sitting down beside the aircraft door and stating he would not go, resulting in the aircraft Captain refusing to transport Sam-Kabba (Doc. 12, Ex.).  Wilson also states in her affidavit that, on July 10, 2013, a notice of failure to comply was issued by the Field Office Director (Doc. 12, Ex.).

Since Sam-Kabba's continued detention is due solely to Sam-Kabba's own obstructive actions, and Sam-Kabba has not, as he alleges, complied fully with ICE's efforts to remove him and has not shown there is no significant likelihood of his removal in the reasonably foreseeable future, Sam-Kabba is not entitled to relief under Zadvydas.  Therefore, Sam-Kabba's habeas petition should be denied and dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Sam-Kabba's habeas petition be DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

3

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of September 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE